
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT FROILAN GASMEN GAERLAN; ALMA FE FABICULANAN GAERLAN; ILICH YEAGER CALICA GAERLAN; SEJI KYRA CALICA GAERLAN; CAYI KRIEL CALICA GAERLAN; JURIS KARREL CALICA GAERLAN, | No. 17-73311 <br><br> Agency Nos.     A087-860-465 <br> A087-860-466 <br> A087-860-467 <br> A087-860-468 <br> A087-860-469 <br> A087-860-470 |
| Petitioners, | |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2020**

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lead petitioner, Albert Froilan Gaerlan, and his family, natives and citizens of the Philippines, seek review of a 2017 Board of Immigration Appeals' ("BIA")order dismissing an appeal from an order of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1.    The adverse credibility determination was supported by substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In his written statement and testimony, Gaerlan claimed that the Director of the National Bureau of Investigation ("NBI"), General Reynaldo Wycoco, ordered him to cease an ongoing investigation into rice hoarding in June and September 2007. Yet the Government submitted into evidence a newspaper article showing that General Wycoco had died on December 19, 2005, more than eighteen months before the events in question, and another individual became Director of the NBI in 2006. Gaerlan declined to continue the hearing so that he could challenge the authenticity of the Government's evidence.

In the absence of credible testimony from Gaerlan, the IJ and BIA permissibly denied his claims for asylum and withholding of removal. Because no evidence apart from his testimony supported the claim for CAT protection, that claim also fails.

2.     "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. An element is deliberately fabricated if it involves a "knowing and intentional misrepresentation of the truth." *Matter of Y-L-*, 24 I. & N. Dec. 151, 156 (BIA 2007). The BIA properly affirmed the IJ's determination that Gaerlan filed a frivolous asylum application. As discussed above, Gaerlan was found to have submitted false documentary and testimonial evidence. Only after being confronted with the Government's contradictory evidence did he admit the inaccuracies in his original story.

**PETITION DENIED.**